IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOVENA TUCKER,

                Plaintiff,

    v.

DONALD GILL, et al.,

                Defendant.

NO. C12-2678 TEH

ORDER GRANTING LEAVE TO AMEND COMPLAINT

       This case came before the Court on January 28, 2013 on Plaintiff's motion for leave to amend her complaint. After careful consideration of the parties' written and oral arguments, the Court now GRANTS Plaintiff's request.

**BACKGROUND**

       Plaintiff's Complaint outlines the facts as follows:

       Prior to the incident which is the subject of this action, Plaintiff Novena Tucker was engaged in several disputes with the Antioch Unified School District ("AUSD"). She had filed complaints with both the Office of Civil Rights of the U.S. Department of Education ("OCR"), Compl. ¶¶ 3, 41-45, and the AUSD, *id.* ¶¶ 5, 47-53, regarding the treatment of her children in AUSD schools.

       On May 25, 2010, Defendant-Officers Hynes and Ward of the Antioch Police Department ("APD") arrested Plaintiff for allegedly making a threat against David Madrigal, the Principal of her son's school, Compl. ¶ 2, which she purportedly communicated to Defendant Marsha Brown's executive assistant on May 21, 2010. *Id.* ¶ 57. Police officers went to Plaintiff's home on May 24, but Plaintiff denied them entry. *Id.* ¶ 59. Defendant-

Officers Hynes and Ward then arrested Plaintiff the following day at the AUSD Special Education Office. *Id.* ¶ 61.

Plaintiff was held in jail for four days and released after posting bail in the amount of $75,000. *Id.* ¶¶ 2 & 64. She was charged with a felony violation of California Penal Code § 71, threatening a public officer. *Id.* ¶ 65. At the conclusion of the preliminary hearing, the Contra Costa Superior Court found that there was insufficient evidence that the threats were made with the intent to influence the Principal's decision-making, and therefore no probable cause to hold Plaintiff on the charge.[1] Ex. C in Support of Opp'n (Dkt. No. 19) at 3:1-28, 5:8-9, 12:15-17.

Plaintiff filed a Complaint in this Court on May 24, 2012, asserting section 1983 claims predicated on violations of her Fourth Amendment rights (unlawful seizure, malicious prosecution); her First Amendment rights (retaliation); and her right to Due Process under the Fourteenth Amendment. Dkt. No. 1. She filed the present motion on December 12, 2012, seeking leave to file a first amended complaint ("FAC"). Dkt. No. 17. The proposed FAC adds an allegation of the use of excessive force against Defendant-Officers Hynes and Ward, *see* FAC (Dkt. No. 17-1) ¶ 63, as well as a claim of malicious prosecution against Detective Green, *see* FAC ¶ 67. The AUSD defendants do not oppose the motion. Dkt. No. 20. APD Defendants Hynes and Ward oppose the motion on the grounds that the excessive force amendments will cause undue prejudice and delay and the malicious prosecution claim is futile.

---

[1] The elements of a Penal Code § 71 violation are: "(1) A threat to inflict an unlawful injury upon any person or property; (2) direct communication of the threat to a public officer or employee; (3) the intent to influence the performance of the officer or employee's official duties; and (4) the apparent ability to carry out the threat." *People v. Chaney*, 131 Cal. App. 4th 253, 256-57 (2005) (internal quotation marks and citations omitted). "The purpose of the statute [Penal Code § 71] is to prevent threatening communications to public officers or employees designed to extort their action or inaction." *Id.* (internal quotation marks and citations omitted).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend a complaint more than 21 days after a responsive pleading has been filed either with the opposing party's consent or with leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave need not be granted, however, "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Courts also consider whether the plaintiff has previously amended the complaint. *Ascon Properties*, 866 F.2d at 1160; *Allen*, 911 F.2d 373. The policy in favor of allowing amendment is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted); *see also Ascon Properties,* 866 F.2d at 1160.

**DISCUSSION**

The Court reviews in turn the excessive force and malicious prosecution claims Plaintiff seeks to add in her proposed FAC.

**1. Excessive force claims against Defendants Hynes and Ward**

Defendants argue that Plaintiff's addition of excessive force claims against Hynes and Ward will cause undue prejudice and delay because they have already propounded discovery to Plaintiff that was "specifically tailored to the allegations and claims set forth in Plaintiff's Complaint." Opp'n at 3. Further, they argue they have been forced to delay their deposition of Plaintiff while waiting for her amended complaint. Opp'n at 4.

Defendants may have tailored their initial discovery to the claims in the Complaint. However, they have not yet deposed Plaintiff and neither a discovery cutoff nor trial has been set in this case. Further, Plaintiff's answers to Defendants' interrogatories revealed the factual basis for her excessive force claims against Defendants Hynes and Ward. *See* Candappa Decl. in support of Reply at ¶¶ 5-6 ("Defendant [Hynes] proceeded to grab

Plaintiff's arms very forcefully. . . .  Officer Ward kicked Plaintiff's legs repeatedly with great force and choked her."). The added excessive force claims do not greatly alter the nature of the litigation and will not require Defendants to chart an entirely new course of defense. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The delay here is not excessive and Plaintiff seeks leave to amend within the time period prescribed by the Court in the parties' case management conference, held on August 27, 2012. *See* Candappa Decl. in support of Mtn. (Dkt. No. 17-2) ¶ 3; Dkt. No. 15. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original). Finding that the amended claims of excessive force against Defendants Ward and Hynes will not cause undue prejudice or delay, the Court GRANTS Plaintiff's motion as to the excessive force claims.

**2. Malicious prosecution claim against Officer Green**

Defendants Hynes and Ward argue that the addition of a Fourth Amendment malicious prosecution claim against Detective Green would be futile because Plaintiff's allegations fail to overcome the presumption that the prosecutor exercised independent judgment in deciding to bring the case against her.

A plaintiff in a malicious prosecution claim under section 1983 must show that criminal proceedings were instituted with malice, without probable cause, and for the purpose of denying the plaintiff a specific constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002)).

However, "A prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a

4

constitutional tort plaintiff." *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008) (citations omitted). "Put in traditional tort terms, the prosecutor's independent decision can be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution." *Id.* The Ninth Circuit has thus held, in a line of cases beginning with *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981), that "'[f]iling a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.'" *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006) (quoting *Smiddy*, 665 F.2d at 266 (*Smiddy I* )).[2]

      The continuing vitality of the *Smiddy* framework has been called into question by the U.S. Supreme Court's decision in *Hartman v. Moore*, 547 U.S. 250 (2006). In *Hartman*, the Court considered a retaliatory prosecution claim brought under the First Amendment and grappled with the causal connection between the "allegedly retaliatory official [and] a prosecutor whose action has injured the plaintiff." 547 U.S. at 263. The Court found that the gap was bridged by a lack of probable cause. *Id.* It therefore held that "a retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward are reasonable grounds to suspend the presumption of regularity behind the charging decision . . . ." *Id.* at 265 (citation omitted).

      In the Fourth Amendment context, the Ninth Circuit attempted to square *Smiddy I* with *Hartman* and found that "After *Hartman*, it is questionable that *Smiddy I*'s detailed evidentiary inquiry into the independence of the prosecutor's judgment should still be employed to address the causal chain problem in Fourth Amendment cases." *Beck*, 527 F.3d at 864. However, given the constraints on the *Beck* panel's ability to overrule *Smiddy*, the *Beck* court declined to do so; instead, it applied both the *Hartman* and the *Smiddy* tests and

---

[2] *Smiddy I* was a § 1983 false arrest case. However, the *Smiddy I* presumption has been applied in both false arrest and malicious prosecution cases; "the distinction makes no analytic difference here." *Beck v. City of Upland*, 527 F.3d 853, 861 n.7 (9th Cir. 2008) (citations omitted).

5

determined that the plaintiff could defeat summary judgment under either standard. *See id.* at 864-66; *see also Cuadra v. City of S. San Francisco*, C08-3439 TEH, 2010 WL 55875, *6-*8 (N.D. Cal. Jan. 4, 2010) (applying both tests). The Court here follows the same approach.

Under the standard set forth in *Hartman*, Plaintiff Tucker would need to show a lack of probable cause and retaliatory motive. She establishes that there was no probable cause through the trial court's decision not to hold her to answer on the Penal Code § 71 charge. Ex. C to Opp'n (Dkt. No. 19). She alleges retaliatory motive because of her complaints against AUSD's handling of her daughter and her son's cases. *See* Compl. ¶¶ 3, 28-45 (OCR complaint about daughter), 46-53 (AUSD complaint about son); 54-63. Were *Hartman* the standard applicable to claims in the Fourth Amendment context, Plaintiff's allegations would be sufficient to defeat the presumption of prosecutorial independence and thus the claim would be viable.

Under the *Smiddy* test, Plaintiff bears the burden to rebut the presumption of prosecutorial independence. The Ninth Circuit has outlined a number of circumstances sufficient to rebut the presumption, including situations in which: the prosecutor was pressured by police or was given false information; the police acted maliciously or with reckless disregard for the rights of an arrested person; the prosecutor relied on the police investigation and arrest when s/he filed the complaint instead of making an independent judgment on the existence of probable cause for the arrest; or the officers otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings. *Beck,* 527 F.3d at 862-63 (citing *Smiddy I*, 665 F.2d at 267, and *Awabdy*, 368 F.3d at 1067). In addition, "'[i]f for reasons of privilege or otherwise the relevant evidence [to challenge the presumption] is not available, no presumption will arise,' and the defendant has the burden to show that the prosecutor's judgment was independent." *Beck,* 527 F.3d at 862-63 (quoting *Smiddy I*, 665 F.2d at 267-68) (bracketed language in original).

Here, Plaintiff alleges that Detective Green's representations to the prosecutor that Plaintiff "'would have carried out her threats against Madrigal in retaliation' for the expulsion of her son" were malicious and were "based on manufactured evidence and

6

conjecture," FAC ¶ 67, given that her son was not, in fact, expelled from the school. Reply at 7-8. Plaintiff further argues that the District Attorney's office made its decision to prosecute "almost exclusively on the basis of the officers' reports." *Id.* at 8. The Court finds that at this stage, Plaintiff's allegations that Green acted maliciously, supplied false information, and that the prosecutor relied exclusively on the officers' reports are sufficient to permit the claim to go forward under the test set forth in *Smiddy* and its progeny.

*Smiddy* and *Beck* both assume that a plaintiff has access to discovery with which to rebut the burden of prosecutorial independence. *See Beck,* 527 F.3d at 863, 869-70; *Smiddy I*, 665 F.2d at 267-68. In *Beck*, for instance, the prosecutor "asserted privilege rather than testifying as to whether he felt pressure from the police to make his charging decision and whether he was influenced by the police officers' felony submission." 527 F.3d at 865. In that circumstance, where "[c]ritical evidence necessary to rebut the *Smiddy I* presumption" was unavailable, Beck was "not required to rebut the presumption of prosecutorial independence." *Id.* Instead, the burden fell to the defendants to show that an independent intervening cause cut off their tort liability. *Id.* at 865-66 (citing *Smiddy I,* 665 F.2d at 267); *see also Beck*, 527 F.3d at 869 (discussing the problematic nature of an inquiry into the prosecutor's subjective state of mind because "ascertaining that state of mind is likely to be exceedingly difficult").

Given this framework, it would be improper to require Plaintiff to produce more specific information than what she has alleged in the FAC before she has access to discovery. Plaintiff's factual allegations bring her complaint within the circumstances recognized in *Smiddy* and *Beck* and are sufficient, at this stage, to permit the claim to go forward. Accordingly, the amendment is not futile and the Court GRANTS the motion for leave to amend.

Finally, Defendants seek to have the Court review Plaintiff's due process claim. Because this claim is unchanged from the due process claim in the original complaint, the Court need not do so.

**CONCLUSION**

Finding that the addition of excessive force claims against Defendants Hynes and Ward will not unduly prejudice the APD Defendants nor cause undue delay, and that the addition of a malicious prosecution claim against Detective Green would not be futile, the Court hereby GRANTS Plaintiff's motion for leave to amend in its entirety.

**IT IS SO ORDERED.**

Dated: 2/4/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT